### In re McNUTT.

(District Court, D. Massachusetts. June 29, 1923.)

No. 31099.

**Bankruptcy ⬅=89(1)—Answer to involuntary petition held not to put in issue status of petitioners as creditors.**

The answer of an alleged bankrupt to an involuntary petition, denying commission of an act of bankruptcy, insolvency, and that defendant should be declared bankrupt for any cause alleged in the petition, does not put in issue the status of the petitioners as creditors, and proof of the same is not required.

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Robert R. McNutt, alleged bankrupt. On motion of alleged bankrupt to recommit report of referee. Denied.

Arthur L. Woodman, of Boston, Mass., for creditors.
Henry W. Beal, of Boston, Mass., for bankrupt.

BREWSTER, District Judge. February 8, 1923, the above-entitled matter was referred to a referee, as special master, to report on the question of adjudication. The report was filed April 11, 1923, and came on for hearing upon a motion of the alleged bankrupt to recommit the report, in order that the master should incorporate therein evidence upon which certain findings were based.

The master, after hearing witnesses produced by the petitioning creditors, submits a clear and comprehensive statement of his findings of fact respecting the act of bankruptcy alleged in the petition, and these findings will stand, unless they appear to be clearly wrong upon the face of the report.

No sufficient reason was advanced at the argument why these findings should be disturbed, and consequently it would serve no useful purpose to require the master to report the evidence upon which he bases his findings. The motion, therefore, to recommit, is denied.

The master finds specifically that the facts set forth in the original petition and in the intervening petition are true. These facts include allegations that the petitioners and intervening petitioners are creditors of the bankrupt. It appeared that at the hearing evidence was received only to show that two of the petitioning creditors were actually creditors.

The answer is in the form prescribed by General Order No. 38 (89 Fed. xiv, 32 C. C. A. xiv), denying the commission of the act of bankruptcy—that the alleged bankrupt was insolvent, and averring that he should not be declared bankrupt for any cause in the petition alleged.

It is the contention of the petitioners that, inasmuch as the respondent did not specifically deny that the petitioning creditors were creditors of the respondent and in the amounts claimed, it was not necessary for the petitioners to prove that they were creditors in the amounts stated, and the master so ruled.

The respondent, on the other hand, asks to have the report recommitted, in order that the master may report the evidence upon which he bases his findings that the allegations of the petition were proved. If the contention of the petitioners is correct, there is no necessity for recommitting the report on this ground; otherwise, it should be recommitted for further evidence on the question of whether the petitioners were creditors in the amount named.

The question, therefore, is presented as to whether, under the pleadings as stated above, it is necessary for the petitioners to prove affirmatively that they were creditors in the amounts claimed.

Section 18 of the Bankruptcy Act (Comp. St. § 9602) provides that, if the bankrupt or any of his creditors shall appear within the time limited and controvert the facts alleged in the petition, the judge shall determine as soon as may be the issues presented by the pleadings.

The answer of the respondent in this case denies the commission of an act of bankruptcy, insolvency, and that the respondent should be declared a bankrupt for any cause alleged in the petition. This answer falls short of denying the right of the petitioners, as creditors, to bring an involuntary petition; therefore no issue is presented by the pleadings respecting the status of the petitioners as creditors, and the court is not called upon to determine that issue. Consequently the master was right in ruling that it was not necessary for the petitioner to prove affirmatively that they were creditors in the amount stated.

If it should be held that equity rules applied to the answer of the respondent, the same result would follow, inasmuch as equity rule 30 (201 Fed. v, 118 C. C. A. v) provides in substance that averments other than of value or amount of damage, if not denied, shall be deemed confessed, except in certain instances not now material.

The motion of the bankrupt to recommit is denied.